UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY REISS,

      Plaintiff,

v.                                                               Case No. 8:08-cv-69-T-24 MSS

JOYCE CLATEMAN and
SAUL CLATEMAN,

      Defendants.
_____/

## **ORDER**

      This cause comes before the Court on Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction. (Doc. No. 10.) Plaintiff Stanley Reiss, who is proceeding *pro se* in this matter, has filed a response in opposition. (Doc. No. 13.)

      This case arises from Defendants, Joyce Clatemen and Saul Clateman's ("Defendants") alleged tortious interference with Plaintiff Stanley Reiss' ("Plaintiff") inheritance. Defendants move to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that Plaintiff's complaint fails to allege a factual basis for the Court's exercise of personal jurisdiction over them.

      To determine whether the Court can exercise personal jurisdiction over a nonresident defendant involves a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the court must determine "whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 385 F.3d 1312, 1319 (11th Cir. 2004). Second, the court examines "whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United

States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)).

Defendants make the following arguments in support of their motion to dismiss: (1) the facts alleged in the complaint do not give rise to personal jurisdiction under Florida's long-arm statute; (2) Defendants lack sufficient minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment; and (3) permitting this action to proceed in Florida would offend traditional notions of fair play and substantial justice. Plaintiff's response fails to address any of the arguments propounded by Defendants, and even states that this action is not based on Florida's long-arm statute. The Court has considered Defendants' motion, and agrees that Plaintiff's complaint fails to plead sufficient material facts establishing a basis for personal jurisdiction over Defendants.

Accordingly, Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. No. 10) is **GRANTED**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiff
Counsel of Record